[DO NOT PUBLISH]

# In the
# United States Court of Appeals
# For the Eleventh Circuit

_____

No. 23-11213

Non-Argument Calendar

_____

RICHARD K. HARVEY,

                                                        Plaintiff-Appellant,

*versus*

WALMART, INC.,

                                                        Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:21-cv-03265-VMC

_____

Case 1:21-cv-03265-VMC   Document 72   Filed 04/04/24   Page 2 of 14
USCA11 Case: 23-11213   Document: 23-1   Date Filed: 04/04/2024   Page: 2 of 12

2                    Opinion of the Court                    23-11213

Before ROSENBAUM, GRANT, and BLACK, Circuit Judges.

PER CURIAM:

Richard Harvey, proceeding *pro se*, appeals the district court's order granting summary judgment in favor of his former employer, defendant Walmart, Inc. Harvey's complaint alleged hostile work environment and retaliation in violation of the Age Discrimination in Employment Act (ADEA), and assault and breach of contract under Georgia law. Harvey asserts the district court abused its discretion in admitting certain evidence and allowing Walmart to withdraw admissions, and contends his claims are meritorious and would succeed at trial. We review each of his issues in turn, and after review, affirm the district court.

## I. EVIDENTIARY ISSUES

### A. *Withdrawal of Admissions*

"A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents." Fed. R. Civ. P. 36(a)(1). "A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36(a)(3). In deciding whether to allow a party to withdraw admissions, district courts should consider, first, "whether the withdrawal will

23-11213               Opinion of the Court                    3

subserve the presentation of the merits," and second, whether "the withdrawal will prejudice the party who obtained the admissions in its presentation of the case." *Perez v. Miami-Dade Cnty.*, 297 F.3d 1255, 1264 (11th Cir. 2002). This test "emphasizes the importance of having the action resolved on the merits, while at the same time assuring each party that justified reliance on an admission in preparation for trial will not operate to his prejudice." *Id.* at 1265 (quotation marks and emphasis omitted).

The district court did not abuse its discretion in allowing Walmart to withdraw its admissions. *See id.* at 1263 (reviewing a district court's ruling on a motion to withdraw admissions for abuse of discretion). Walmart sent answers to Harvey's requests for admission, and although they were untimely received due to a clerical error, the error resulted in a limited delay and was corrected before the close of discovery. Additionally, Harvey could have obtained an extension of discovery with Walmart's consent, but he declined to do so. Withdrawing the admissions served the presentation of the case on the merits because Harvey sought admissions on entire claims and disputed factual matters, and Walmart's response denying most material facts was only untimely due to a clerical error. *See id.* at 1264. Moreover, withdrawal did not prejudice Harvey because the delay was limited, Walmart corrected the error before the close of discovery, and Walmart offered to extend the discovery period.

Case 1:21-cv-03265-VMC   Document 72   Filed 04/04/24   Page 4 of 14
USCA11 Case: 23-11213   Document: 23-1   Date Filed: 04/04/2024   Page: 4 of 12

4                       Opinion of the Court                    23-11213

*B. Declarations*

Rule 56(c) states that "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). Evidence of personal knowledge may consist of the witness's own testimony. Fed. R. Evid. 602. A party may object to any material presented in support of a motion for summary judgment, including a declaration, if it "cannot be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2). The Federal Rules of Evidence permit a witness to use a writing to refresh their memory for the purpose of testifying. Fed. R. Evid. 612. An adverse party is entitled to have the writing produced, and to introduce in evidence any portion that relates to the witness's testimony. Fed. R. Evid. 612(b). Under Federal Rule of Evidence 803(6), documents made and kept in the ordinary course of business are admitted as an exception to the hearsay rule. Fed. R. Evid. 803(6). A person who testifies concerning documents admitted pursuant to the business records exception to the hearsay rule need not have prepared the documents "so long as other circumstantial evidence and testimony suggest their trustworthiness." *Itel Capital Corp. v. Cups Coal Co.*, 707 F.2d 1253, 1259 (11th Cir. 1983).

Statements in a declaration may be stricken as a matter of law only when it is obvious that they constitute a "sham." *Tippens v. Celotex Corp.*, 805 F.2d 949, 953 (11th Cir. 1986). This occurs

Case 1:21-cv-03265-VMC   Document 72   Filed 04/04/24   Page 5 of 14
USCA11 Case: 23-11213   Document: 23-1   Date Filed: 04/04/2024   Page: 5 of 12

23-11213               Opinion of the Court                    5

when there is a "flat contradiction" between the declaration and prior, sworn testimony. *Id.*

The district court did not abuse its discretion in admitting the sworn declarations of Walmart employees Marchaz McAfee and Cateshia Grant. *See Goulah v. Ford Motor Co.*, 118 F.3d 1478, 1483 (11th Cir. 1997) (reviewing a district court's rulings on the admissibility of evidence for abuse of discretion). Harvey did not depose either declarant, so no prior sworn testimony flatly contradicted any of the assertions contained within their declarations. *See Tippens*, 805 F.2d at 953. Harvey's contention that the declarations lacked personal knowledge is without merit because the statements in the declarations—that they were based on personal knowledge—are themselves sufficient evidence of personal knowledge. Fed. R. Evid. 602. While Harvey asserts the declarations were inadmissible because they were based on a review of business records that Walmart failed to produce, his argument similarly fails because the documents relied on were admissible under the business records exception to the hearsay rule. Fed. R. Evid. 803(6). Accordingly, the material contained within the declarations is presentable in an admissible form, and not objectionable at the summary judgment stage. Fed. R. Civ. P. 56(c)(2). Additionally, Walmart attached the business records with the declarations, and the Federal Rules of Civil Procedure do not require the evidence used in a motion for summary judgment have been produced in discovery. *See* Fed. R. Civ. P. 56(c).

Case 1:21-cv-03265-VMC   Document 72   Filed 04/04/24   Page 6 of 14
USCA11 Case: 23-11213   Document: 23-1   Date Filed: 04/04/2024   Page: 6 of 12

6                        Opinion of the Court                    23-11213

## II.  SUMMARY JUDGMENT

*A.  Hostile Work Environment*

Under the ADEA, it is unlawful for an employer "to . . . discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). To prevail on an ADEA age discrimination claim, an employee must show that his age was the "but-for" cause of the adverse employment action. *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 177 (2009).

To establish a claim for hostile work environment, a plaintiff must show that: (1) he was at least 40 years old at the relevant time; (2) he was subject to unwelcome harassment based on his age; (3) the harassment was sufficiently severe or pervasive to alter the terms of his employment; and (4) the employer knew or should have known of the harassing conduct but failed to take prompt, remedial action. *Miller v. Kenworth of Dothan, Inc.*, 277 F.3d 1269, 1275 (11th Cir. 2002) (articulating elements of a hostile work environment claim); 29 U.S.C. §§ 623(a)(1), 631(a) (relevant ADEA provisions). We have clarified that, in order to show that alleged harassment was "based on" a protected characteristic, a plaintiff must show it was "motivated by" a discriminatory animus regarding their protected characteristic. *Tonkyro v. Sec'y, VA*, 995 F.3d 828, 836 (11th Cir. 2021). The standards for judging hostility are intended to "filter out complaints attacking the ordinary tribulations of the workplace, such as the sporadic use of abusive language,

Case 1:21-cv-03265-VMC   Document 72   Filed 04/04/24   Page 7 of 14
USCA11 Case: 23-11213   Document: 23-1   Date Filed: 04/04/2024   Page: 7 of 12

23-11213                Opinion of the Court                7

[age]-related jokes, and occasional teasing." *Id.* at 837 (quotation marks omitted). "Innocuous statements or conduct, or boorish ones that do not relate to the [age] of the actor or of the offended party (the plaintiff), are not counted." *Jones v. UPS Ground Freight*, 683 F.3d 1283, 1297 (11th Cir. 2012) (quotation marks omitted).

The "severe or pervasive" element requires the plaintiff to prove the work environment is both subjectively and objectively hostile. *Adams v. Austal, U.S.A., L.L.C.*, 754 F.3d 1240, 1249 (11th Cir. 2014). "The employee must subjectively perceive the harassment as sufficiently severe and pervasive to alter the terms or conditions of employment, . . . [and] the objective severity of harassment should be judged from the perspective of a reasonable person in the plaintiff's position, considering all the circumstances." *Id.* (quotation marks omitted). In determining the existence of an objectively hostile work environment, a district court may consider, as part of the totality of the circumstances, experiences of other employees of which the plaintiff was aware. *Id.* at 1250; *see Edwards v. Wallace Community College*, 49 F.3d 1517, 1522 (11th Cir. 1995) ("A plaintiff may have a viable hostile environment claim even if the [harassing] remarks were not directed at her."). However, harassment directed toward other employees is less likely to be sufficient to establish a hostile work environment. *See Adams*, 754 F.3d at 1254–55 (holding certain plaintiffs stated a trial issue as to hostile work environment where, among other things, racial slurs were directed at them and they experienced more harassment, and holding that other plaintiffs did not survive summary judgment where

Case 1:21-cv-03265-VMC   Document 72   Filed 04/04/24   Page 8 of 14
USCA11 Case: 23-11213    Document: 23-1    Date Filed: 04/04/2024    Page: 8 of 12

8                      Opinion of the Court                  23-11213

they experienced less harassment and heard racial slurs directed at other employees).

The district court did not err in granting summary judgment on this issue. *See Alvarez v. Royal Atl. Devs., Inc.*, 610 F.3d 1253, 1263 (11th Cir. 2010) (reviewing *de novo* a district court's grant of summary judgment, using the same legal standards applied by the district court). Harvey did not establish a *prima facie* case of a hostile work environment. Harvey alleged the main basis of the hostile work environment claim was the rest break policy. However, he also testified he did not feel the rest break policy was put in place to target him because of his age, or was otherwise related to his age. Accordingly, Harvey conceded the rest break policy was not "motivated by" a discriminatory animus regarding his age, and thus cannot show he was subject to his alleged harassment "based on" his age. *See Tonkyro*, 995 F.3d at 836. Although he alleged Supervisors Raven and Justin verbally abused older co-workers, Harvey did not testify to any age-related remarks directed to him, and noted that both managers were unprofessional towards most employees. While incidents of harassment against other employees may be sufficient evidence of discriminatory animus in some circumstances, Supervisor Raven's comments against other older employees were not sufficiently severe or pervasive to establish that Harvey's work environment was objectively hostile based on his age, especially given his admission that he did not personally experience the comments. *See Adams*, 754 F.3d at 1254-55. Accordingly, Harvey failed to establish he was subject to unwelcome harassment based on his age, and the district court did not err in

Case 1:21-cv-03265-VMC   Document 72   Filed 04/04/24   Page 9 of 14
USCA11 Case: 23-11213   Document: 23-1   Date Filed: 04/04/2024   Page: 9 of 12

23-11213               Opinion of the Court                        9

determining he produced very little, isolated, and conclusory evidence insufficient to establish a hostile work environment. *See Miller*, 277 F.3d at 1275; 29 U.S.C. § 623(a)(1), 631(a).

*B. Retaliation*

The ADEA prohibits retaliation against employees who complain of age discrimination. *See* 29 U.S.C. § 623(d). We use the framework established in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973), to evaluate ADEA claims of retaliation based upon circumstantial evidence. *Chapman v. AI Transp.*, 229 F.3d 1012, 1024 (11th Cir. 2000) (*en banc*). Under that framework, a plaintiff alleging retaliation establishes a *prima facie* case by showing, among other things, that he engaged in a statutorily protected expression. *Hairston v. Gainesville Sun Pub. Co.*, 9 F.3d 913, 919 (11th Cir. 1993). (citing *Goldsmith v. City of Atmore*, 996 F.2d 1155, 1163 (11th Cir. 1993)). If a plaintiff establishes a *prima facie* case of discrimination, and the defendant employer articulates a legitimate, nondiscriminatory reason for the challenged employment action, the employee must then show that the employer's reason is a pretext for retaliation. *Goldsmith*, 996 F.2d at 1163.

To establish pretext, the plaintiff must show that: (1) the reason offered was false; and (2) retaliation was the real reason for the employer's actions. *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 515 (1993). With respect to falsity, a plaintiff must rebut the employer's proffered reason and cannot succeed by merely disputing the wisdom of this reason. *Chapman*, 229 F.3d at 1030. We have "repeatedly and emphatically held" that an employer may make

Case 1:21-cv-03265-VMC   Document 72   Filed 04/04/24   Page 10 of 14
USCA11 Case: 23-11213   Document: 23-1   Date Filed: 04/04/2024   Page: 10 of 12

10                      Opinion of the Court                   23-11213

employment decisions for "a good reason, a bad reason, a reason based on erroneous facts, or for no reason at all, as long as its action is not for a discriminatory reason." *Flowers v. Troup Cnty., Ga., Sch. Dist.*, 803 F.3d 1327, 1338 (11th Cir. 2015) (quotation marks omitted). The inquiry into pretext centers on the employer's beliefs, "not on reality as it exists outside of the decision maker's head." *Alvarez v. Royal Atl. Developers, Inc.*, 610 F.3d 1253, 1266 (11th Cir. 2010).

Harvey did not demonstrate pretext. Walmart offered declarations establishing the decisionmakers' belief in a nondiscriminatory reason for Harvey's termination. Harvey was terminated because he had been involved in an altercation with his coworker, Jamie. During this confrontation, Harvey made derogatory comments, including comments about Jamie's sexuality. Walmart stated this constituted workplace violence, coded as gross misconduct. *See Alvarez*, 610 F.3d at 1266. Harvey produced no evidence successfully challenging the given reason as false or establishing retaliation for engaging in protected conduct as the real reason for his termination. *See St. Mary's Honor Ctr.*, 509 U.S. at 515. Harvey alleged his termination was retaliatory because Jamie and Supervisor Raven intentionally caused the incident that led to his termination, but he offered no evidence to support this beyond mere speculation. In any event, the notion the circumstances that gave rise to the underlying incident were planned and orchestrated was not a denial of the incident, but rather an admission he was terminated for Walmart's offered non-discriminatory reason.

Case 1:21-cv-03265-VMC   Document 72   Filed 04/04/24   Page 11 of 14
USCA11 Case: 23-11213    Document: 23-1    Date Filed: 04/04/2024    Page: 11 of 12

23-11213                Opinion of the Court                11

C. *Assault*

Georgia law provides "[e]very person shall be liable for torts committed by his . . . servant by his command or in the prosecution and within the scope of his business, whether the same are committed by negligence or voluntarily." O.C.G.A. § 51-2-2. Under the doctrine of *respondeat superior*, Georgia courts will hold an employer responsible for the conduct of its employee, but only if the employee acted "within the scope of the actual transaction of the master's business for accomplishing the ends of his employment." *Wittig v. Spa Lady, Inc. of Marietta*, 356 S.E.2d 665, 666 (Ga. Ct. App. 1987). By contrast, when an employee undertakes an act purely personal in nature, no *respondeat superior* liability may be imposed. *Id.* The fact that a tort occurred during a time of employment is not dispositive on the question of scope of employment. *Id.*

The district court did not err in concluding Walmart was not responsible for the alleged assault under Georgia law. Although Harvey and Jamie were tasked to unload a truck, Jamie was sitting down, actively refusing to perform this duty when he threatened Harvey, and thus, his conduct was not within the scope of his employment. *See id.* The fact the incident occurred at work, between coworkers, does not establish vicarious liability given that Jamie's conduct was not within the scope of his employment.

D. *Breach of Contract*

The elements of a breach of contract claim in Georgia include (1) a valid contract, (2) a material breach of its terms, and (3) resulting damages. *Norton v. Budget Rent A Car Sys., Inc.*, 705

Case 1:21-cv-03265-VMC   Document 72   Filed 04/04/24   Page 12 of 14
USCA11 Case: 23-11213   Document: 23-1   Date Filed: 04/04/2024   Page: 12 of 12

12                        Opinion of the Court                    23-11213

S.E.2d 305, 306 (Ga. Ct. App. 2010).  The party asserting a breach of contract has the burden of proving the existence of a valid contract.  *Massih v. Mulling*, 610 S.E.2d 657, 659 (Ga. Ct. App. 2005).  Georgia courts generally hold "the policies and information in personnel or employee manuals neither create a contract . . . nor support a claim for breach of contract."  *O'Connor v. Fulton Cnty.*, 805 S.E.2d 56, 58 (Ga. 2017).

Company policies such as the one implemented by Walmart concerning rest breaks do not create a contract under Georgia law.  Thus, Harvey failed to prove the existence of an actionable contract.  *See id.*

**AFFIRMED.**

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

April 04, 2024

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 23-11213-DD
Case Style: Richard Harvey v. Walmart, Inc.
District Court Docket No: 1:21-cv-03265-VMC

Opinion Issued
Enclosed is a copy of the Court's decision issued today in this case. Judgment has been entered today pursuant to FRAP 36. The Court's mandate will issue at a later date pursuant to FRAP 41(b).

Petitions for Rehearing
The time for filing a petition for panel rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing is timely only if received in the clerk's office within the time specified in the rules. **A petition for rehearing must include a Certificate of Interested Persons and a copy of the opinion sought to be reheard.** See 11th Cir. R. 35-5(k) and 40-1.

Costs
No costs are taxed.

Bill of Costs
If costs are taxed, please use the most recent version of the Bill of Costs form available on the Court's website at www.ca11.uscourts.gov. For more information regarding costs, see FRAP 39 and 11th Cir. R. 39-1.

Attorney's Fees
The time to file and required documentation for an application for attorney's fees and any objection to the application are governed by 11th Cir. R. 39-2 and 39-3.

Appointed Counsel
Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation via the eVoucher system no later than 45 days after issuance of the mandate or the filing of a petition for writ of certiorari. Please contact the CJA Team at (404) 335-6167 or

cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

<u>Clerk's Office Phone Numbers</u>

| | | | |
|---|---|---|---|
| General Information: | 404-335-6100 | Attorney Admissions: | 404-335-6122 |
| Case Administration: | 404-335-6135 | Capital Cases: | 404-335-6200 |
| CM/ECF Help Desk: | 404-335-6125 | Cases Set for Oral Argument: | 404-335-6141 |

OPIN-1 Ntc of Issuance of Opinion